UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN G. BOWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:17-cv-02585-SEB-MPB |
| ) | |
| STATE OF INDIANA, ) | |
| ROBERT E. CORTES, Jr. Com. Doc., ) | |
| PENDELTON CORRECTIONAL FACILITY, ) | |
| ZATECKY Superintendent, ) | |
| DUANE ALSIP Assistant Superintendent, ) | |
| ANDREW COLE Assistant Superintendent, ) | |
| HOLLOWELL, ) | |
| HINTON Sgt., ) | |
| MARKS Sgt., ) | |
| PITT, ) | |
| LAURA R BEDKIN, ) | |
| PAULA DICKSON, ) | |
| LUNDFORD Sgt., ) | |
| CONLEY Lt., ) | |
| BOB DOURTY, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Screening Standard**

Plaintiff Stephen Bowman, a prisoner currently incarcerated at the Pendleton Correctional Facility, brings this case pursuant 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because Bowman is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a

defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

Bowman alleges that he notified a number of staff members at the Pendleton Correctional Facility, including Paula Dickinson, Mr. Hollowell, Mr. Pitt, Sgt. Hinton, and Sgt. Marks, that he was afraid another inmate would assault him, that these staff members did not act to protect him, and that he was attacked. He also alleges that Assistant Superintendent Cole, Assistant Superintendent Duane Alsip, and Superintendent Zatecky also did nothing to prevent the assault. Finally, he asserts that grievances he filed after the assault were mishandled.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed.

A. *Claims that are dismissed*

First, any claim against the State of Indiana must be **dismissed.** Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether

damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984).

Next, any claim against Robert Cortes, the Superintendent of the Indiana Department of Correction, must be **dismissed** because Bowman does not allege that Cortes was personally involved in any of the acts at issue in the complaint. *See Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'").

Any claim against the Pendleton Correctional Facility is **dismissed** because the Facility is not a "person" subject to suit under § 1983.

Next, any claim against Assistant Superintendents Alsip and Cole and Superintendent Zatecky is **dismissed**. Bowman alleges that these defendants did not help him, but he does not allege that any of these defendants were aware of any risk of harm to him. *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (to be liable for failure to protect an inmate from assault, an official must be "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger.").

Any claim against Laura Bodkin for mishandling grievances that Bowman filed must be **dismissed** because there is no constitutional right to have grievances handled in a certain way. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008).

Finally, any claim against Sgt. Lundford, Lt. Conley, and Officer Bourty must be **dismissed** because Bowman makes no allegations about these defendants in the body of the complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the

complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010).

B. *Claims that will proceed*

Bowman's claims against defendants Paula Dickinson, Mr. Hollowell, Mr. Pitt, Sgt. Hinton, and Sgt. Marks **shall proceed** as a claim that these defendants were deliberately indifferent to a serious risk of harm to Bowman in violation of his Eighth Amendment rights. All other claims have been dismissed.

This summary of remaining claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through November 14, 2017,** in which to identify those claims.

## IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## V. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Paula Dickinson, Mr. Hollowell, Mr. Pitt, Sgt. Hinton, and Sgt. Marks in the manner specified by Rule 4(d). The **clerk shall terminate** all other defendants. Process shall consist of the complaint,

applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 10/11/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Stephen Bowman
123526
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Electronic Service to the Following Employees of the Pendleton Correctional Facility

Paula Dickinson, Mr. Hollowell, Mr. Pitt, Sgt. Hinton, and Sgt. Marks